Gustavo **QUIROZ PLANCARTE**; Maria De Jesus Gomez Gomez, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–72260.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gustavo Quiroz Plancarte, Huntington Park, CA, pro se.

Maria De Jesus Gomez Gomez, Huntington Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Gustavo Quiroz Plancarte and Maria de Jesus Gomez Gomez, married natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). The agency's hardship determination was dispositive of each petitioner's application. *See* 8 U.S.C. § 1229b(b)(1)(D).

■ Petitioners contend that the IJ failed to act as a neutral factfinder. We conclude that the proceedings were not "so fundamentally unfair that [petitioners were] prevented from reasonably presenting [their] case." *Colmenar,* 210 F.3d at 971 (internal quotation marks and citation omitted).

We are not persuaded that petitioners' removal would result in the deprivation of their children's rights. *See Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.